# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **v.** | )   Criminal Action No. 08-00287-KD-B |
| | ) |
| **WILLIAM MURPHY,** | ) |
| | ) |
| **Defendant.** | ) |

## ORDER

This action is before the Court on the motion for early termination of supervised release filed by Defendant William Murphy. (Doc. 61). Upon consideration, and for the reasons set forth herein, the motion is **DENIED**.[1]

In 2008, Murphy pleaded guilty to violation of 18 U.S.C. § 922(g)(1) (felon in possession of a firearm) and 18 U.S.C. § 924(c)(1) (possession of a firearm during a drug trafficking offense). He was sentenced to 117 months' imprisonment with a supervised release term ("SRT") of five years to follow. (Doc. 27).

On March 8, 2021, Murphy's SRT was revoked for the first time. (Doc. 42). Murphy was found guilty of four technical SRT violations: (1) failure to notify the Probation Officer ten days prior to change in residence or employment; (2) charged with possessing and distributing controlled substances; (3) frequenting places known for drug use, distribution, and violence; and (4) criminal association. (Id.). Murphy was also found guilty of one new offense (distribution of a

---

[1] No evidentiary hearing is necessary when the district court denies a motion for early termination of supervised released. United States v. Reagan, 162 F. App'x. 912, 913 (11th Cir. 2006) ("A refusal to terminate supervised release does not constitute a modification of the term of supervised release. Accordingly, the district court was not required to hold an evidentiary hearing before denying Reagan's motion."); United States v. Smith, 2010 WL 716495, at *2 (M.D. Fla. Feb. 25, 2010) (same) (citing United States v. Reagan, 162 F. App'x. at 913).

controlled substance). (Id.). He was sentenced to twelve months and one day of imprisonment with a SRT of 48 months to follow. (Id.).

On June 9, 2023, Murphy's SRT was revoked for the second time. (Doc. 60). Murphy admitted guilt to one technical SRT violation (drug use: admitted marijuana use, three to four times per week) and one new offense (attempting to bride the Probation Officer on April 7, 2023). (Id.). He was sentenced to 60 days' imprisonment with a SRT of 24 months to follow. (Id.).

Now, Murphy moves the Court for early termination of his SRT. (Doc. 61). Murphy highlights some positive progress made in his life. He indicates his involvement with the white flag cease fire movement in the City of Mobile. (Id.). He also indicates that he has a steady full-time job as a used car salesman and a side hustle making handcrafted accessories and altered clothing. (Id.). He maintains that he was incarcerated from December 2008 to June 2017 without any disciplinary actions. (Id.). He acknowledges that he did have a few bumps in the road since being home, but he expresses that he has learned from his mistakes. (Id.).

A district court may terminate a term of supervised release "at any time after one year of supervised release has expired, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). Before terminating a term of supervised release, however, the district court must consider the relevant factors in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).

> The relevant § 3553(a) factors are: (1) the nature and circumstances of the offense; (2) the defendant's history and characteristics; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational and vocational training, medical care, or correctional treatment; (6) the applicable guideline range; (7) any pertinent policy statements set forth by the Sentencing Commission; (8) the need to avoid unwarranted sentencing disparities; and (9) the need to provide restitution.

United States v. Cordero, 7 F. 4th 1058, 1069 (11th Cir. 2021) (citing 18 U.S.C. § 3553(a)(1), (2)(B)–(D), (4)–(7)). "It is not necessary for a special condition to be supported by each § 3553(a) factor; rather, each factor is an independent consideration to be weighed." United States v. Tome, 611 F.3d 1371, 1376 (11th Cir. 2010).

Upon consideration, the Court finds that early termination of Murphy's SRT is not warranted. The requisite one year of supervised release has expired, and the Court would like to congratulate Murphy on his new endeavors and career path. But the relevant factors weigh in favor of denying Murphy's motion for early termination of supervision. Specifically, Murphy's record shows a history of non-compliance with conditions of supervision. Murphy's SRT was revoked in 2021 and again in 2023 for numerous violations of supervision conditions. Accordingly, Murphy's motion is **DENIED**.

**DONE** and **ORDERED** this the **26th** day of **March 2025**.

 /s / Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**